UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**KIMBERLY HIGGS**, on behalf of
herself and those similarly situated,

    Plaintiff,

                                                                  CASE NO.:

vs.

**IMMANUEL INVESTMENTS INC.**
**d/b/a MRS. MAC'S KITCHEN,**            **CLASS ACTION ALLEGATIONS**
**a Florida for Profit Corporation,**

    Defendant.
_____/

**CLASS/COLLECTIVE ACTION COMPLAINT & JURY DEMAND**
**("Class Representation")**

Plaintiff, KIMBERLY HIGGS ("Plaintiff"), on behalf of herself and those similarly situated, sues the Defendant, IMMANUEL INVESTMENTS INC. D/BA MRS. MAC'S KITCHEN, a Florida for Profit Corporation (hereinafter "Defendant"), for failing to pay minimum wages to all servers (hereinafter "servers" or "class members") who worked in the State of Florida, pursuant to Florida Constitution, Article X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**NATURE OF SUIT**

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to

pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the pursuant to Florida Constitution, Article X § 24 and FLSA to recover from Defendant unpaid minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

2. Plaintiff, KIMBERLY HIGGS, worked for Defendant as a server from approximately February 2018 through November 2018, at their Key Largo, Florida location.

3. Defendant is in the business of providing food and drinks to the general public.

4. Plaintiff and the class members were hourly paid servers who worked for Defendant within the last five (5) years under state law and three (3) years under the FLSA

5. The proposed class members worked for Defendant at their restaurants throughout Florida as servers.

6. Defendant, IMMANUEL INVESTMENTS INC. D/BA MRS. MAC'S KITCHEN, is a domestic for-profit corporation existing under the laws of Florida. Defendant may be served with process via service on its registered agent Angela R. Wittke, 998 Shaw Dr., Key Largo, Florida or at its principal place of business located at 99020 Overseas Hwy, Key Largo, FL 33037.

7. Each of Defendant's principal businesses where the issues which are the subject matter complained of took place are located Florida and; therefore, are within the jurisdiction of this Court.

8. Upon information and belief IMMANUEL INVESTMENTS INC. owns all MRS. MAC'S KITCHEN locations and the same were actually operated as one integrated enterprise and/or are joint employers of Plaintiffs.

9. Upon information and belief, each MRS. MAC'S KITCHEN location was operated the same way, and each utilized the same pay practices and procedures.

10. Upon information and belief, the same person or persons have financial ownership and control over each MRS. MAC'S KITCHEN location.

## JURISDICTION & VENUE

11. This action is brought under Florida and federal law to recover from Defendant minimum wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every server who worked for Defendant at any MRS. MAC'S KITCHEN location at any time within the past five (5) years in the State of Florida under Florida law, and the last three (3) years under the FLSA.

12. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA.

## COVERAGE

13. At all times material hereto (2005-2020), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), subject to the Florida Constitution's provision on minimum wages and the FLSA.

14. At all material times, Defendant was an employer as defined by 29 U.S.C. § 203(d).

15. At all material times, Defendant has had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00), exclusive of excise taxes at the retail level which are separately stated.

16. At all material times, Defendant was enterprises engaged in commerce or in the production of goods for commerce, in that said enterprises, Defendant has had two or more employees engaged in interstate commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

17. At all material times, Defendant was enterprises engaged in commerce or in the production of goods for commerce, in that said enterprises, Defendant has had two or more employees who routinely ordered materials or supplies such as office supplies and equipment, food service products, and food preparation products from out of state vendors.

18. Additionally, Plaintiff was an employee of Defendant and was, at all times relevant to this action, individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1) as she was required to accept payment from customers using credit cards issued by out of state financial institutions on a daily basis and worked at a restaurant which served customers who traveled to/from out of state destinations.

19. Defendant's employees also handled such goods as napkins, silverware, appliances, food items, and restaurant equipment which had travelled in interstate commerce on a daily basis.

## **GENERAL FACTUAL ALLEGATIONS**

20. Plaintiff and the class members worked as servers for Defendant at their MRS. MAC'S KITCHEN locations in Key Largo, Florida.

21. Upon information and belief, Defendant employs several servers, hosts, bussers, and back of the kitchen staff.

22. As servers, Plaintiff and the class members were responsible for serving food and beverages, explaining the menu and taking orders from guests, and adhering to company standards for food and beverages.

23. Defendant paid Plaintiff an hourly wage less than the federal minimum wage (approximately $5.44).

24. In addition, Plaintiff and the class members earned tips as servers.

25. Plaintiff and those similarly situated were paid pursuant to a "tip credit" method where they were paid minimum wage minus the tip credit.

26. At all material times, Defendant utilized a "tip credit" deduction.

27. Throughout Plaintiff's employment, Defendant failed to notify Plaintiff of the provisions of FLSA § 203(m), 29 U.S.C. § 203(m).

28. Throughout Plaintiff's employment, Defendant required Plaintiff to share her tips with other workers.

29. More specifically, Defendant required Plaintiff to share tips with non-tipped employees, "back of house" employees (i.e. cooks), and/or employees who did not directly serve customers.

30. Servers should not share tips with the above-mentioned employees.

31. Plaintiff and the class members worked in the State of Florida without being paid at least the full minimum wage for all hours worked.

32. Defendant controlled and/or was responsible for the work of class members.

33. Plaintiff and all similarly situated employees did a specific job, i.e. serve food and drinks, which was/is an integral part of the restaurant business of Defendant.

34. Defendant utilized the tip credit and paid Plaintiff and all similarly situated servers under the applicable tipped minimum wage.

35. Defendant paid Plaintiff and the class members the applicable minimum wage rate minus a tip credit deduction.

36. However, when an employer chooses to pay pursuant to a tip credit, the employees must be allowed to keep all of their tips, either individually or through a tip pool.

37. Moreover, a tip pool can only contain employees who customarily and regularly receive tips.

38. Further, if tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid, and the employer is not permitted to take a tip credit.

39. As a result, Defendants were not entitled to utilize the FLSA's tip credit provision to credit Plaintiff's tips towards a portion of their minimum wage obligations.

40. As a result of these common policies, Plaintiff and each similarly situated server is entitled to receive repayment for the tip credit for each hour worked, improperly deducted from their wages.

41. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who suffered from the same pay practice of being

improperly denied the legally required tipped minimum wage.

42. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated servers are in the possession and custody of Defendant.

43. Prior to filing this lawsuit, a demand letter was sent to and received by Defendant. *See* Demand Letter Attached as Exhibit "A."

## CLASS/COLLECTIVE FACTUAL ALLEGATIONS

44. Class members are treated equally by Defendant.

45. Defendant subjected class members to the same illegal practice and policy by forcing the Class Members to participate in a tip pool contribution plan that includes non-traditionally tipped employees.

46. Defendant has employed approximately fifty (50) or more class members who were paid pursuant to a tip credit in the State of Florida within the relevant limitations period.

47. Defendant pays class members in the same manner.

48. Defendant pays class members a reduced tipped minimum wage rate, plus tips.

49. Defendant requires its servers to participate in a tip pool.

50. Defendant's servers are required to be paid minimum wages under Florida and federal law.

51. Plaintiff and all class members worked in the State of Florida.

52. Plaintiff and all class members in the State of Florida were not guaranteed at least the full minimum wage for all hours worked.

53. Plaintiff and all class members were improperly paid the tipped minimum wage per hour.

54. During the relevant period, Defendant violated Fla. Const. Art. X § 24 and the FLSA, by improperly taking the tip credit.

55. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

56. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in class action and employment litigation.

57. Plaintiff has no interests that are contrary to, or in conflict with, the members of the class.

58. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

59. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the Florida Constitution.

60. Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

61. As to the Florida claims, Plaintiff seeks class certification under Florida Rules of Civil Procedure Rule 1.220(b)(1),(2) and alternatively (3) of the following state law class:

> **All servers who worked for Defendant within Florida during the five (5) years preceding this lawsuit who were not paid full and proper minimum wage as a result of Defendant's illegal tip pooling practices.**

62. As to the FLSA claims, Plaintiff seeks conditional certification under 29 U.S.C. §216(b):

> **All servers who worked for Defendant within Florida during the last three (3) years preceding this lawsuit who were not paid full and proper minimum wage as a result of Defendant's illegal tip pooling practices.**

63. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Defendant's employed servers within the meaning of the applicable statutes;

   b. Whether servers were uniformly, willfully and wrongfully paid the tipped minimum wage;

   c. Whether Defendant failed to pay Plaintiff and members of the class all minimum wages owed to them;

   d. Whether Plaintiffs and the class members were required to participate in an illegal tip pool plan;

   e. What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

   f. Whether Defendant's failure to compensate Plaintiff and the class members at the applicable minimum wage rates was willful, intentional or done with reckless disregard.

64. The relief sought is common to the entire class including, *inter alia:*

    a. payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

    b. payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

    c. payment by the Defendant of the costs and expenses of this action, including the attorneys' fees of Plaintiffs' counsel.

65. Plaintiff's claims are typical of the claims of members of the class.

66. Plaintiff and members of the class have sustained damages arising out of the same wrongful and uniform employment policies of Defendant in violation of the Florida Constitution and federal law.

67. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## COUNT I
## VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, § 24

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 67 above as though fully stated herein.

69. Plaintiff and those similarly situated servers are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendant.

70. During their employment with Defendant, Plaintiff and those similarly situated servers were forced to participate in an illegal tip pool in violation of the Florida Constitution's tip-credit provision.

71. Defendant willfully failed to pay Plaintiff and those similarly situated servers and carvers the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

72. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and those similarly situated servers and carvers have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

73. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KIBERLY HIGGS, on behalf of herself and those similarly situated, demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## **Relief Sought**

Wherefore, Plaintiff demands an Order awarding:

    a. payment to her and all class members of minimum wages for all hours worked at the correct rate pursuant to Article X, Section 24 of the Florida Constitution;

    b. an equal amount of liquidated damages pursuant to Article X, Section 24 of the Florida Constitution, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

    c. reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to Article X, Section 24 of the Florida Constitution;

    d. certification of this case as a class action under the provisions of Florida Rules of Civil Procedure Rule 1.220(b)(1),(2) and alternatively (3); and

e. Any other relief that Plaintiff and the class members may be due or entitled.

## COUNT II
## VIOLATION OF THE FLSA'S MINIMUM WAGE PROVISION AT 29 U.S.C §206

74. Plaintiff reincorporates and readopts all allegations contained within 1 through 67, above as though fully stated herein.

75. Plaintiff and those similarly situated servers are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendant.

76. During their employment with Defendant, Plaintiff and those similarly situated servers were forced to participate in an illegal tip pool in violation of the FLSA's tip-credit provision.

77. Defendant willfully failed to pay Plaintiff and those similarly situated servers the full minimum wage for one or more weeks of work contrary to the FLSA's minimum wage provisions.

78. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and those similarly situated servers have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff, KIMBERLY HIGGS, on behalf of herself and those similarly situated, demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## Relief Sought

Wherefore, Plaintiff demands an Order awarding:

a. payment to her and all class members of minimum wages for all hours worked at the correct rate pursuant to the FLSA;

b. an equal amount of liquidated damages pursuant to the FLSA, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

c. reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to the FLSA.

d. conditional certification of this case as a class action under the provisions of 29 U.S.C. §216(b); and

e. Any other relief that Plaintiff and the class members may be due or entitled.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 4th day of November, 2020.

> */s/ Carlos V. Leach*
> Carlos V. Leach, Esq.
> Florida Bar No.: 0540021
> The Leach Firm, P.A.
> 1950 Lee Rd., Suite 213
> Winter Park, FL 32789
> Telephone: (407) 574-4999
> Facsimile: (833) 423-5864
> Email: cleach@theleachfirm.com
> Email: npacheco@theleachfirm.com
>
> ***Attorneys for Plaintiff***